52 So.2d 162

**POWELL v. POWELL.**

8 Div. 585.

Supreme Court of Alabama.

April 19, 1951.

---

[1]. Ante, p. 43.

462

H. H. Conway, of Albertville, for appellant.

Scruggs & Scruggs, of Guntersville, for appellee.

BROWN, Justice.

The original bill was filed by the husband (appellant here) against the wife on the 6th day of July, 1949, seeking divorce from the bonds of matrimony on the ground of voluntary abandonment, the bill alleging "that respondent voluntarily abandoned the bed and board of complainant for more than one year next before the filing of this bill, and without fault on the part of the complainant, and has continuously remained away, without any intention of returning to live with complainant."

The respondent answered denying the allegations of the bill and countered by charging the complainant voluntarily abandoned the bed and board of the respondent for more than one year next preceding the filing of this answer and cross-bill; this abandonment by the complainant being without fault on the part of respondent and the complainant has continuously remained away from respondent without any intention of returning to live with respondent. Respondent further shows that "complainant has since said marriage between the complainant and the respondent become addicted to habitual drunkenness."

The defendant prays that her said answer be taken and considered as a cross-bill and as last amended upon final hearing that she be granted a decree divorcing her from the bed and board of Frank Powell for and on account of cruelty, habitual drunkenness or voluntary abandonment and for reference to the register to ascertain and report what would be a reasonable amount to be allowed Mary Powell, the defendant and cross-complainant, as permanent alimony for her support and maintenance and for reasonable solicitor's fees for the services of her attorneys. The complainant answered the cross-bill denying the charges of voluntary abandonment and habitual drunkenness.

On submission on pleading and proof consisting of depositions taken before a commissioner appointed by the register the court entered a final decree denying complainant relief and dismissing his bill but granting relief to the defendant by divorcing her from the bed and board of the complainant for and on account of voluntary abandonment of the defendant by the complainant with decree of reference to the register as prayed in the cross-bill. From that decree the complainant has appealed.

After due consideration of the voluminous testimony in this case we are in accord with the conclusion expressed in the decree from which the complainant has appealed and we concur in the statement by the learned trial court that, "The testimony in this case is voluminous and shows, at most, an extremely sad state of affairs continuing for a period of approximately thirty years. The parties to the suit are aged people in their late seventies, who apparently lived under rather distressing circumstances during the latter part of their lives. However, the Court is impressed by the fact that the complainant has, by his actions, brought on most of these difficulties." We observe, however, the following statement which when considered in the light of the decree itself was evidently inadvertently made, as it is inconsistent with the pronouncement in the decree that: "there has been voluntary abandonment *on the part of the respondent.* Due to the admitted drinking habits of the Complainant, it might be disastrous to him and to his estate to grant them a complete divorce." What the court undoubtedly intended to say was that there had been an abandonment *of* the respondent by the complainant. [Italics supplied.]

The evidence shows that the parties married in the year 1892 when the defendant was a girl of 15 or 16 years of age and the complainant was about 19. At the time of their marriage or soon thereafter the father of the complainant gave him a small tract of land consisting of about 80 acres located in a community which has adopted the cognomen of "Hustleville" and through good husbandry and hard work this young couple cleared and improved said land and converted it into a valuable sand mountain farm located about 3½ miles northeast of Albertville, Alabama, and established thereon a home in which they raised a large family consisting of four sons and four daughters, who remained on said farm until they were each 25 years of age, contributing their labor and efforts to the support of the family.

All of these children are now married and from the evidence are prosperous good citizens. The testimony in this case was given by these children of this old couple and the neighbors and it goes to show that the difficulties resulting in this litigation started when the husband was about 32 years of age when he acquired the habit of drinking liquor which he has continued through the years until said habit has become fastened upon him in such a way as to make him an habitual drunkard.

The evidence further shows that later on in life this husband began to wander, spent a year in New York, leaving his family on the farm with his wife, who worked in the field and was the mainstay and backbone of the family life. She accumulated nothing for herself. She owns no estate and now is dependent upon the small allowance that is given to her by her husband and the charity of her children who contribute to her support.

The evidence shows beyond dispute that in the year 1918 the husband abandoned his wife and moved into another house where he continued to live separate and apart from her and later on induced or permitted one of the married daughters and her husband to move in the house with the defendant and she became unhappy and dissatisfied not only on account of the husband's habits but on account of the encroachment of this other family, which resulted in her moving to another house built by one of the sons-in-law, who purchased one acre of land from the husband, and she was living there alone at the time her testimony was given in which she expressed the hope, in effect, that she would be allowed to return to the old homestead when she died, that she "might see it again."

To our mind this evidence presents a case in which a court of equity should deal charitably with the situation presented so as to preserve this homestead until these old people pass on. The evidence shows that the rents which the husband receives from the farm properly handled will afford sufficient support for both. The complainant is now in his 80th year and the defendant is in her 76th year and is not enjoying good health.

The decree granting the defendant a divorce from bed and board, with reference to the register to ascertain and report what would be a reasonable allowance for her support and maintenance and a reasonable fee for the services of her solicitor, is affirmed.

There has been filed here an application for allowance of solicitor's fee for representing the appellee on this appeal. No submission was made on that motion or application and no order is necessary to dispose of it. The matter of solicitors' fees can and should be dealt with by the court of original jurisdiction in the further proceedings necessary to conclude this litigation.

The cause is remanded for further proceedings to conclude the litigation.

Affirmed and remanded for further proceedings under the decree of reference.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.